## SCOTT *versus* RIVERS.

Courts of law, in the exercise of legitimate and incidental powers, have authority to authorise the set-off, of one judgment, against another, existing between the same parties, in the same Court.

And such order is not subject to revision in error.

This case was submitted on a motion, to dismiss the writ of error; and involved the correctness of the determination of the County Court of Monroe, in relation to an order off-setting one judgment against another, which existed between the same parties, in the same Court. The questions decided appear in the opinion of the Court.

SAFFOLD, J.—The present plaintiff was plaintiff in the County Court, and as such, obtained judgment on a note against the defendant for one thousand four hundred and thirty eight dollars and fifty-three cents. At the same time, in another suit between the same parties, a trial was had, in which Rivers, the defendant, obtained a judgment, as in case of set-off, for the sum of nine hundred and sixty dollars, as a balance certified by the jury to be due him, over and above the sum demanded of the said Charles W. Scott. After which, and during the same term, a motion was made, at the instance of Rivers, the defendant, to have his said former judgment against the plaintiff, set-off and placed to the satisfaction of so much of the judgment standing against him. The Court sustained the motion, and ordered the set-off accordingly.

This order is the matter assigned for error.

By means of the adjudication in the former case, we know that the judgment rendered for the balance in favor of the defendant, Rivers, was considered erroneous, and that the same has been reversed during the present term. This information, however, acquired in a different suit, can have no influence in the decision of this case. The different suits and records being separate and distinct, we can only view them as such. The record informs us that mutual judgments having been obtained by each of the parties against the others as above stated, it was ordered by the Court that one should be a set-off and satisfaction of an equal amount against the other; and that Rivers, at whose instance the motion was made, should enter a *remititter* upon his judgment which done accordingly. The record shews no special causes of necessity or objection to the course.

Hence, the question arises,

1. Is it competent for a Court of Law, in the exercise of its legitimate and incidental powers, on motion, to order one judgment to be placed as a set-off to another between the same parties, in the same Court; and this without shewing on the record any peculiar reason or necessity for it.

2- Is such order subject to revision in error.

In the case of *Davidson, for McKim* vs. *Geogha-* [3 Bibb, 233] *gan*,[a] where a motion was made of a similar kind, the Court ruled that the authority to set one judgment against another between the same parties, was a power incident to courts of law, as well as equity; and that the same could be done with propriety, if from the circumstances it were found consistent with the principles of equity. In that case, however, the set-off was refused, on the ground that it would pre-

judice the rights of a *bona fide* assignee of the judgment; that no connection existed between the judgments or accounts proposed to be set-off; and by the terms of the contract it was not the understanding of the parties that one of the demands should be received in payment of the other.

In a note subjoined to that case, by the Reporter, reference is made to many English decisions, shewing that the power for setting one judgment against another, does not depend upon the statutes of set off, but upon the general jurisdiction of Courts of Law over suitors; that it is a part of their equitable jurisdiction.

The same authority is believed to have been recognised by the Courts of most of the States of the Union. In the case of *Simpson* vs. *Hart*,[a] the subject was extensively investigated by the Court of Errors of New York. It was there ruled that a Court of Law allows sets-off of judgments *ex gratia;* but a party applying to a Court of Equity, is entitled to it as a matter of right: that it is not necessary the judgments should be in the same right; it is sufficient if the judgment prayed to be set-off, may be enforced at law against the party recovering the judgment to be diminished or satisfied by the set-off. That in directing a set-off of judgments, Courts of Law proceed upon the equity of the statutes authorising sets-off, the power not being within the letter of the act. Their power consists in the authority they hold over suitors in their Courts, and that the exercise of the authority is the exertion of the law of the Courts, rather than any known, express, or delegated power. In the case last referred to, as in the case reported in *Bibb*, it is said suitors may ask the interference of

a 14 Johns. Rep. 63.

Courts of Law, in effecting a set-off, not *ex debito justitiæ,* but *ex gratia curiæ ;* and it was also ruled, that a decision of a Court of Law, upon a summary application to its equity, is not such a *res judicata,* as to preclude Chancery from examining the question; nor is Chancery concluded wherea new fact is disclosed, which was not presented to the Court of Law.

In this case, it may be observed that, even if we could assume the fact that the judgment which was allowed as a set-off, has been since reversed, on general principles of law, it would not follow as a consequence, that justice or equity requires a reversal in this. Cases may occur, in which it would be entirely equitable and right to allow one debt or demand to be placed to the satisfaction of another ; and which Chancery would direct ; but which Courts of Law have no authority, under the statute, to allow before judgment.

On the 2d point—it does not appear that the question was raised or examined in the case in *Bibb's Reports,* whether an order setting one judgment against another, was subject to revision in error, but the Court exercised the jurisdiction, and reversed the order of the inferior Court. In as much, however, as the question was not investigated, nor any opinion of the Court expressed directly on it, it can not be regarded as an authority determining the principle. But in the case decided in 14 *Johnson's Reports,* to which I have particularly referred, the investigation fully embraced this point ; and it was there admitted by all the members of the Court, that decisions on such summary applications can never be thrown into the shape of records, and become the subject of revision in any other Court. This we adopt as the correct rule of

practice, and conceive no serious injury can result from it; as the summary proceeding cannot be regarded as *res adjudicata* which will conclude either party from the benefit of any equity to which he would otherwise have been entitled. The propriety of this rule is further sustained from the consideration that the power of setting one judgment against another is a matter more appropriately due to Chancery.

We are therefore of opinion, that the writ of error must be dismissed.